TENNANT, Appellant,

v.

MARTIN–AUER, Appellee.

[Cite as *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 09 CA 127.

Decided July 26, 2010.

Philip L. Proctor, for appellant.

Lizabeth Gaba, for appellee.

---

JOHN W. WISE, Judge.

{¶ 1} Appellant, Mark D. Tennant, appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which granted appellee Melissa F. Martin–Auer's motion to modify child support. The relevant facts leading to this appeal are as follows.

{¶ 2} On April 16, 2001, the Licking County Court of Common Pleas, Domestic Relations Division, issued a judgment entry of parentage concerning the minor child K.M., born to appellee in 1999. The court therein accepted appellant's acknowledgement of paternity of K.M. and established a parenting-time schedule.

{¶ 3} On December 11, 2001, the court issued a judgment entry setting appellant's child support obligation at $456.88 per month.

{¶ 4} In early 2007, appellee relocated with the child to the nation of Germany. No notice of relocation was provided to the court. Appellant responded with several motions to the court, including a request to reallocate parental rights and a motion for contempt due to appellee's alleged denial of visitation prior to the move to Germany.

{¶ 5} On June 1, 2007, a magistrate's decision was filed, which found appellee in contempt for attempting to restrict appellant's parenting times and continued the matter of determining the appropriate support amount. On August 8, 2007, a judgment entry was filed approving the magistrate's decision and granting appellant long-distance parenting times in accordance with Licking County's Loc.R. 19. The matter of child support was deferred for further review.

{¶ 6} On June 17, 2008, a magistrate's decision was filed in which the court allowed a $2,500 deviation in support due to the travel cost to Germany for visitation, resulting in a support obligation of $62.63 per month. This magistrate's decision was journalized into a judgment entry filed on July 10, 2008, in which the court stated: "It would be unjust and unreasonable and not in the best interest of the child to require the second petitioner to pay the guideline amount of support given the child's relocation to Germany. * * *. This deviation is determined to be fair and reasonable and in the best interest of the child." After allowing for the deviation, child support was set at $62.63 per month, plus processing fees.

{¶ 7} On March 9, 2009, appellee filed a motion to modify child support. On March 31, 2009, the motion was heard by a different magistrate. On August 3, 2009, the magistrate issued a decision that, inter alia, removed the court's previously granted support deviation. The magistrate found that although appellant had set aside money in a savings account to travel to Germany, he could not secure consecutive days off from his employer to exercise his parenting time. Therefore, the magistrate recommended that the deviation factor be removed and that appellant pay full guideline support of $429.60 per month. In addition, the magistrate did not impute any income to appellee on the support worksheet.

{¶ 8} After obtaining transcripts, appellant filed objections on September 4, 2009. Appellant submitted three specific objections to the court: (1) the deviation factor should not have been removed, (2) appellee's income should have been imputed at the Ohio minimum wage, and (3) the court should have set a specific parenting time schedule. Appellee did not respond to the objections. On September 17, 2009, an opinion of the court was filed that denied the objections.

{¶ 9} The court's decision was journalized into a judgment entry filed on October 8, 2009.

{¶ 10} On November 3, 2009, appellant filed a notice of appeal.[1] He raises the following five assignments of error:

---

1. Appellant filed his brief on December 29, 2009. Appellee, on April 26, 2010, requested leave to file a brief outside of the time limits of App.R. 18(A). We denied appellee's motion on May 12, 2010.

{¶ 11} "I. Because the party that violated the relocation law carries the financial burden to return the child to the jurisdiction of the court for parenting time, the trial court abused its discretion in removing a child support deviation where said party moved the child out of the United States without notice or permission.

{¶ 12} "II. Because a motion to modify support cannot be used as a substitute for an appeal, the trial court abused its discretion in removing a child support deviation.

{¶ 13} "III. The trial court abused its discretion in not making any specific parenting time orders or arrangements considering the circumstances of long distance travel, thereby effectively cutting appellant off from any visitation.

{¶ 14} "IV. The trial court abused its discretion by not imputing any income to appellee on the child support worksheet."

## I and II

{¶ 15} In his first and second assignments of error, appellant argues that the trial court abused its discretion in removing the downward deviation of his child-support obligation. We disagree.

{¶ 16} In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. The trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla,* Tuscarawas App. No. 2005 AP 02 0018, 2005-Ohio-6767, 2005 WL 3484130, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

{¶ 17} R.C. 3119.22 provides that if the court deviates from the child-support guidelines, it shall enter in the journal the amount of child support calculated pursuant to the basic child-support schedule and the applicable worksheet, plus its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting its determination. See also *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph three of the syllabus. A trial court abuses its discretion if

it orders a deviation that is not supported by findings of fact journalized in the record. *Moore v. Moore,* Guernsey App. No. 09 CA 21, 2010-Ohio-2499, 2010 WL 2225592, ¶ 86, citing *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266.

{¶ 18} Appellant first argues that the trial court should not have removed its earlier downward deviation, which had been granted due to visitation travel costs, emphasizing that appellee had taken the child to Germany without filing a relocation notice with the court and without any discussion or agreement with appellant to do so.

{¶ 19} Appellant directs us to *Kemp v. Kemp,* Stark App. No. 2009CA00035, 2009-Ohio-6089, 2009 WL 3838256, in which we found a deviation for travel costs to be within the court's discretion when the child had been relocated from Ohio. Appellant also cites *Corple v. Corple* (1997), 123 Ohio App.3d 31, 702 N.E.2d 1234, which involved a mother's appeal of an order that she be required to transport the minor child from Tennessee to East Liverpool, Ohio, every time the child had a three-day weekend from school. Although *Corple* does not technically discuss the issue of deviation from the child-support worksheet, the court reasoned that "[i]t is not unreasonable for appellant to assume responsibility for the increased travel obligations arising from her relocation * * *." Id. at 36, 702 N.E.2d 1234.

{¶ 20} In the case sub judice, the trial court rationalized that appellant should not receive a lower support obligation based on travel requirements that were not being actualized. We are not persuaded that Kemp and Corple require reversal of this decision reached by the trial court. Moreover, under these circumstances, the added strain between the parents resulting from appellee's overseas move need not be remedied by lessening the child's financial resources.

{¶ 21} Appellant secondly contends that the trial court erroneously allowed appellee to obtain a modification, suggesting that this was the equivalent of allowing a motion to be used as a substitute for an appeal. However, in DePalmo, the Ohio Supreme Court held that in a case where a support order already exists, the only test for determining whether child support shall be modified is the 10 percent threshold set forth in R.C. 3113.215(B)(4) (now R.C. 3119.79). In the case sub judice, the new support figure of $429.60 per month is clearly more than 10 percent greater than the amount of child support required to be paid under the prior order of $62.63 per month (see R.C. 3119.79(A)). We thus find no error in the trial court's finding of a change in circumstances warranting a modification of child support.

{¶ 22} Accordingly, appellant's first and second assignments of error are overruled.

## III

{¶ 23} In his third assignment of error, appellant maintains that the trial court abused its discretion in failing to modify the parties' parenting-time (visitation) orders. We disagree.

{¶ 24} Appellant essentially asserts that because the trial court modified the child-support order, "it must make a reciprocal modification of the parenting time order." Appellant provides no statutory or case authority for this assertion, which is inconsistent with the principle in Ohio that child-support obligations are separate and distinct from visitation issues. See, e.g., *Porter v. Ferrall*, Portage App. No. 2002–P–0109, 2003-Ohio-6685, 2003 WL 22931383, ¶ 22, citing *Davis v. Davis* (1988), 55 Ohio App.3d 196, 563 N.E.2d 320. Furthermore, the record before us indicates that appellant did not file a motion to review parenting time in response to appellee's motion to modify child support. Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced. *He v. Zeng*, Licking App. No. 2003CA00056, 2004-Ohio-2434, 2004 WL 1077912, ¶ 13, citing *State v. Bey* (1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484.

{¶ 25} Accordingly, appellant's third assignment of error is overruled.

## IV

{¶ 26} In his fourth assignment of error, appellant argues that the trial court abused its discretion in failing to impute income to appellee on the child-support worksheet. We disagree.

{¶ 27} The imputation of income is a matter to be determined by the trial court based upon the facts and circumstances of each case. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, paragraph one of the syllabus. A determination with respect to these matters will be reversed only upon a showing of abuse of discretion. Id. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore*, 5 Ohio St.3d at 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 28} R.C. 3119.01(C)(5) defines "income," for purposes of calculating child support, as follows:

{¶ 29} "(5) 'Income' means either of the following:

{¶ 30} "(a) For a parent who is employed to full capacity, the gross income of the parent;

{¶ 31} "(b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent."

{¶ 32} In turn, R.C. 3119.01(C)(11) defines "potential income" as follows:

{¶ 33} " 'Potential income' means both of the following for a parent who the court pursuant to a court support order, or a child support enforcement agency pursuant to an administrative child support order, determines is voluntarily unemployed or voluntarily underemployed:

{¶ 34} "(a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the following criteria:

{¶ 35} "(i) The parent's prior employment experience;

{¶ 36} "(ii) The parent's education;

{¶ 37} "(iii) The parent's physical and mental disabilities, if any;

{¶ 38} "(iv) The availability of employment in the geographic area in which the parent resides;

{¶ 39} "(v) The prevailing wage and salary levels in the geographic area in which the parent resides;

{¶ 40} "(vi) The parent's special skills and training;

{¶ 41} "(vii) Whether there is evidence that the parent has the ability to earn the imputed income;

{¶ 42} "(viii) The age and special needs of the child for whom child support is being calculated under this section;

{¶ 43} "(ix) The parent's increased earning capacity because of experience;

{¶ 44} "(x) Any other relevant factor.

{¶ 45} "(b) Imputed income from any nonincome-producing assets of a parent, as determined from the local passbook savings rate or another appropriate rate as determined by the court or agency, not to exceed the rate of interest specified in division (A) of section 1343.03 of the Revised Code, if the income is significant."

{¶ 46} It appears from the record that the trial court was reluctant to impute income to appellee in the absence of further proof of wage rates in Germany and currency conversion rates between the two nations. As such geographically based information is part of the statutory criteria for the imputation of income, we are unable to conclude that the trial court abused its discretion in these circumstances.

{¶ 47} Appellant's fourth assignment of error is overruled.

{¶ 48} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.

Judgment affirmed.

Gwin, P.J., concurs.

Hoffman, J., concurs separately.

William B. Hoffman, Judge, concurring.

{¶ 49} I concur in the majority's analysis and disposition of appellant's fourth assignment of error.

{¶ 50} I generally concur in the majority's analysis and disposition of appellant's first and second assignments of error. My only disagreement concerns the figures used by the majority to determine in ¶ 21 whether the 10 percent threshold test has been met.

{¶ 51} I believe that the appropriate comparison as to whether a 10 percent deviation exists should be between the new guideline amount and the previous guideline amount, not the previous deviated amount. In the case sub judice, the previous guideline amount established in the July 10, 2008 support order was $270.97 per month. When comparing that amount to the present guideline amount, the 10 percent threshold test is met.

{¶ 52} That is not to suggest that the failure to incur the travel expenses that precipitated the previous downward deviation, standing alone, cannot be considered in determining whether the 10 percent threshold has been satisfied. Such a fact can and should be considered in arriving at the new guideline amount.

{¶ 53} In the case sub judice, not only did appellant fail to incur the anticipated travel expenses that had resulted in the downward deviation from the prior guideline amount, but also appellant's income had significantly increased. As does the majority, I find that the 10 percent threshold has been met in this case.

{¶ 54} I concur in judgment only as to the majority's disposition of appellant's third assignment of error. I am not convinced that child-support obligations are necessarily separate and distinct from visitation issues. The case sub judice serves as a case in point as the original downward deviation was based upon expenses anticipated to be incurred in exercising visitation. There may exist other visitation circumstances that would justify deviation from the child-support guidelines.[2]

---

2. I do not understand the majority's application of the invited-error doctrine to the issue raised herein.