[Cite as *Sober v. Montgomery*, 2011-Ohio-3218.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
| --- | --- | --- |
|  | : | JUDGES: |
| STACY SOBER | : | Sheila G. Farmer, P.J. |
|  | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 10-CA-50 |
|  | : |  |
|  | : |  |
| KURTIS MONTGOMERY | : | O P I N I O N |
| Defendant-Appellant |  |  |


CHARACTER OF PROCEEDING:      Civil Appeal from Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 1995 PA 00029

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      June 28, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

ANGELA J. SEIMER
124 West Main Street, Suite 201
Lancaster, Ohio 43130

GARY S. WELLBAUM
P.O. Box 163486
Columbus, Ohio 43216-3486

BENJAMIN T. SWAIN
Special Assistant Prosecuting Attorney
Fairfield County Child Support Enforcement Agency
239 West Main Street
Lancaster, Ohio 43130

*Edwards, J.*

{¶1} Defendant-appellant, Kurtis Montgomery, appeals from the October 14, 2009, Entry, the October 27, 2009, Child Support Worksheet, and the November 3, 2009, Nunc Pro Tunc Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Kurtis Montgomery is the father of A.M. who was born on October 11, 1993. Appellee Stacy Sober is the mother of such child.

{¶3} On January 11, 1996, the trial court had, via an Agreed Judgment Entry, established appellant as the father of A.M. In the most recent redress of child support issues prior to the events leading to the within appeal, the trial court issued an order in August of 2002, requiring appellant to pay $1,056.53 per month to appellee for the support of A.M., effective September 1, 1999.

{¶4} In approximately December of 2008, appellant requested an administrative review of the child support order through the Fairfield County Child Support Enforcement Agency (FCCSEA). On March 19, 2009, following its review, FCCSEA issued its Administrative Adjustment Recommendation, modifying the support order to $1,941.98 per month, plus processing charges, effective April 1, 2009. This amount included a downward deviation of $270.00 a month plus processing charges.

{¶5} Appellant thereupon filed with the trial court an objection to the administrative modification, requesting a court hearing on the issue. The trial court ultimately set the matter for a hearing on September 22, 2009.

{¶6} At the hearing, appellant testified that he was living in Florida for work reasons. Appellant testified that the last time he was in court regarding child support, which was in March of 2002, he was employed by Thomas & King, a franchisee of Applebee's International. At the time, appellant was the regional Vice President. He remained the regional Vice President until he was given the option of either taking a lower position with lower pay or leaving the company with a six month severance package. Because, due to the economy and the state of the restaurant business, he did not think that stepping down to a lower position at lower pay was a viable option, appellant took the severance package. His last day of employment with Thomas & King was on May 1, 2008 and he then received six months of full pay. Appellant did consulting work for Thomas & King from May of 2008 through mid-July of 2008 and received a lump sum for his work. His severance package ran out in November of 2008.

{¶7} At the hearing, appellant testified that, in mid-April of 2009, he became equal partners with three other individuals in a business venture. The purpose of the business venture was to run a Buffalo Wild Wings franchise in southern Idaho. Appellant testified that they had the rights to open up five restaurants in Idaho. As of the hearing, the partnership also owned franchises for three restaurants in Florida. Appellant testified that he had to buy into the partnership and that he initially paid an up-front fee of $110,000.00 and then recently had paid an additional $33,000.00. He testified that he had not received any compensation as a partner for the partnership.

{¶8} Appellant testified that, as of June 1, 2009, he became an employee with the partnership and was making $100,000.00 a year as director of operations. He testified that after leaving Thomas & King, he did not have any offers exceeding

$100,000.00. Appellant also testified that he maintained health insurance coverage for A.W. and for his child from another marriage. He testified that the cost of maintaining health insurance coverage for himself and the two children was $672.44 a month and that he spent $39.81 a month on dental coverage for all of them.   The annual cost of maintaining insurance coverage for A.W. was $1,976.58.  Appellant testified that while a court order required him to pay $500.00 a month in child support for his other child, Dillon, and to invest an additional $200.00 a month for Dillon's education, Dillon's mother agreed to reduce the amount of child support to $400.00 a month.

{¶9}   At the hearing, appellee indicated to the trial court that she earned $52,732.27 in 2008.

{¶10} Pursuant to an Entry filed on October 14, 2009, the trial court ordered appellant to pay child support to appellee in the amount of $618.10 per month plus a 2% processing fee. The trial court, in its Entry, stated, in relevant part, as follows:

{¶11} "The new child support worksheet prepared by the hearing officer used an income of over $150,000.00 for the Defendant ($237,024.60).   Using ORC 3113.04, there is no evidence or finding by the hearing officer to prove or justify an amount of support over the income of $150,000.00.

{¶12} "The Defendant testified that his current income is $100,000.00 and he is a one-fourth (1/4) owner of a business venture that may provide him additional income. Using the facts available, the Court is using the $150,000.00 income figure for the Defendant, instead of $237,024.60."

{¶13} On November 3, 2009, appellant filed a request for findings of fact and conclusions of law. On the same date, the trial court filed a Nunc Pro Tunc Entry stating

that the child support was $605.98 a month, plus 2% processing fee, for a total of $618.10 a month effective November 1, 2009.

{¶14} On November 6, 2009, appellee filed a Notice of Appeal. The appeal was assigned Case No. 09 CA 0064. Appellant filed a Notice of Cross-Appeal on November 12, 2009. Pursuant to a Judgment Entry filed by this Court on March 12, 2010, appellee's appeal in such case was dismissed for want of prosecution.

{¶15} Pursuant to an Opinion filed in Case No. 09 CA 0064 on August 23, 2010, this Court dismissed the Cross-Appeal filed by appellant in such case, finding that the Judgment Entry appealed from was not a final appealable order because the trial court had not filed findings of fact and conclusions of law as requested. On September 28, 2010, the trial court issued Findings of Fact and Conclusions of Law.

{¶16} Appellant filed his Notice of Appeal in this case on October 7, 2010. Appellee filed a Notice of Cross-Appeal on October 29, 2010. Appellee's Cross-Appeal was voluntarily dismissed as memorialized in a Judgment Entry filed in this Court on December 28, 2010.

{¶17} Appellant now raises the following assignments of error on appeal:

{¶18} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING TO ADOPT THE EFFECTIVE DATE USED BY THE LICKING COUNTY CHILD SUPPORT ENFORCEMENT AGENCY IN RULING ON DEFENDANT/APPELLANT/CROSS-APPELLEE'S OBJECTIONS.

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN DETERMINING DEFENDANT/APPELLANT/CROSS-APPELLEE'S GROSS INCOME FOR CHILD SUPPORT CALCULATION PURPOSES.

{¶20} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN ENTERING A FINDING OF FACT (SPECIFICALLY NUMBERED FINDING 12) HOLDING THAT DEFENDANT/APPELLANT/CROSS-APPELLEE'S OWNERSHIP OF A BUSINESS VENTURE 'MAY PROVIDE [HIM] ADDITIONAL INCOME.'"

I

{¶21} Appellant, in his first assignment of error, argues that the trial court erred in failing to adopt the effective date used by the Licking County Child Support Enforcement Agency for child support modification. We agree.

{¶22} The child support modification in this case arose from an administrative review. The effective date of a modification which arose from an administrative review is governed by R.C. 3119.71. R.C. 3119.71(B) states as follows: "(B) If the obligor or obligee requests a court hearing on the revised child support amount and the court, after conducting a hearing, modifies the court child support amount under the order, the modification shall relate back to the first day of the month following the date on which the review of the court child support order began pursuant to division (A) of section 3119. 60 of the Revised Code."

{¶23} In the case sub judice, on March 19, 2009, following its administrative review, FCCSEA issued its Administrative Adjustment Recommendation, modifying the support order to $1,941.98 per month, plus processing charges, effective April 1, 2009. However, the trial court, in its November 3, 2009, Nunc Pro Tunc Entry stated that the child support was $605.98 a month, plus 2% processing fee, for a total of $618.10 a

month effective November 1, 2009.[1] The trial court, therefore, erred in using November 1, 2009, as an effective date for the child support modification. Pursuant to R.C. 3119.71(B), the trial court should have made the modification retroactive to April 1, 2009, the first day of the month following the date CSEA commenced its administrative review. See *Carpenter v. Carpenter*, Noble App. No. 09 NO 367, 2010-Ohio-6601.

**{¶24}** Appellant's first assignment of error is, therefore, sustained.

II

**{¶25}** Appellant, in his second assignment of error, argues that the trial court erred in determining that appellant's gross annual income for child support purposes was $150,000.00 a year. We agree.

**{¶26}** In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse of discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin-Auer,* 188 Ohio App.3d 768, 2010-Ohio-3489, 936 N.E.2d 1013, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911.

---

[1] The trial court, in its September 28, 2010, Findings of Fact and Conclusions of Law, stated, in paragraph J, that "[p]ursuant to Ohio Revised Code §3119.71, [child support] modification relates back to the first day of the month following the date on which the review of the Court child support order began to wit: April 1, 2009."

{¶27} At the hearing in this matter, appellant testified that, since July 1, 2009, he had been earning $100,000.00 a year working for the partnership. Appellant testified that he did not receive any compensation as a partner from the partnership and that, after leaving Thomas & King, he did not have any employment offers exceeding $100,000.00. Appellant further testified that, in order to buy into the partnership, he had to pay $110,000.00 up front and recently had to make an additional payment of $33,000.00. There was no evidence adduced at the hearing to contradict appellant's testimony. We further note that while a court may impute income to a parent who is voluntarily unemployed or voluntarily underemployed pursuant to R.C. 3119.01(C)(11), there is no evidence that the court did so in this case. Appellant clearly was not unemployed at the time of the hearing and there was no evidence that he was voluntarily underemployed.

{¶28} Based on the foregoing, we find that the trial court erred in determining that appellant's income for child support purposes was $150,000.00 a year. There was no evidence adduced at trial to support using such a figure.

{¶29} Appellant's second assignment of error is, therefore, overruled.

III

{¶30} Appellant, in his third assignment of error, argues that the trial court erred in finding, in its findings of fact and conclusions of law, that appellant's one-fourth ownership of a business venture may provide appellant with additional income. We agree.

{¶31} In the case sub judice, the trial court, in its October 14, 2009, Entry, stated, in relevant part, that appellant "testified that his current income is $100,000.00

and he is one-fourth (1/4) owner of a business venture that may provide him additional income." In its September 28, 2010, Findings of Fact and Conclusions of Law, the trial court stated, in paragraph 12, that appellant "testified that he is one-quarter owner of a business venture that may provide additional income."

{¶32} At the hearing in the case sub judice, appellant testified that he was an equal partner in a four person partnership. He testified that he did not receive any compensation as a partner and that he had to purchase his interest in the partnership for $110,000.00 and recently had to invest an additional $33,000.00. There was no testimony that the partnership may provide appellant with income at any time in the future. As noted by appellant, "[a]ny projection as to the future returns that [appellant] might receive from his one-fourth ownership interest in the partnership are merely unsupported speculation."

{¶33} Appellant's third assignment of error is, therefore, sustained.

{¶34} Accordingly, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings.


By: Edwards, J.

Farmer, P.J. and

Wise, J. concur


_____

_____

_____

JUDGES


JAE/d0317

[Cite as *Sober v. Montgomery*, 2011-Ohio-3218.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STACY SOBER                :

                      :

        Plaintiff-Appellee    :

                      :

                      :

-vs-                    :         JUDGMENT ENTRY

                      :

KURTIS MONTGOMERY     :

                      :

        Defendant-Appellant  :         CASE NO. 10-CA-50

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee – Stacy Sober.

                                      _____

                                      _____

                                      _____

                                              JUDGES