[Cite as *State v. Dudley*, 2012-Ohio-1558.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 11 CA 0078 |
| ROBERT G. DUDLEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  11 CR 024


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      April 4, 2012


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

KENNETH OSWALT                      DAVID A. BARTH
PROSECUTING ATTORNEY                35 South Park Place
20 South Second Street, 4th Floor   Suite 201
Newark, Ohio  43055                 Newark, Ohio  43055

*Wise, J.*

**{¶1}** Defendant-Appellant Robert G. Dudley appeals his conviction in the Licking County Common Pleas Court on one count of Aggravated Arson.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶3}** On October 15, 2010, the Newark Police Department responded to a fire at 123 Maholm Street, which is an occupied structure. (T. at 86-87). The building housed Behavioral Healthcare Partners of Central Ohio, which used to be known as Moundbuilders, which runs a transition home at that location for people who are homeless. (T. at 96).

**{¶4}** The arson investigator's opinion was that the fire at 123 Maholm Street was caused by a person shooting the house with a flare gun. (T. at 133, 150).

**{¶5}** The police investigation led them to Appellant, who, when interviewed by police about the fire, denied starting the fire and claimed to have been in Columbus when the fire occurred. (T. at 154-156). Appellant refused to tell police where he was residing in Columbus or who he was with the night of the fire. (T. at 154-156).

**{¶6}** On January 13, 2011, Appellant Robert G. Dudley was indicted on one count of Aggravated Arson, in violation of R.C. 2902.02(A)(2), a second degree felony.

**{¶7}** On June 13, 2011, this matter was tried before a jury.

**{¶8}** At trial, the jury heard the following testimony:

**{¶9}** Clint Eskins testified that he is a detective with the Newark Police Department, (T. at 73). On September 27, 2010, he had contact with the Appellant, who was found in possession of a flare gun that had been fired into the air. (T. at 74).

{¶10} David Kerr testified that he is a friend to the Appellant and that Appellant was known to carry a flare gun (T. at 91-92). In September of 2010, the police had contact with Appellant and took away his flare gun. However, Appellant was able to get another one. (T. at 92).

{¶11} Jim Pfister testified that he is employed by Behavioral Healthcare Partners of Central Ohio, which used to be known as Moundbuilders (T at. 96). They run a transition home at 123 Maholm Street for people who are homeless (T at 96). On August 2, 2010, Appellant was asked to leave, since he was not following the rules of the transition house. (T. at 99). Appellant was upset that he had been asked to leave and would often return to the transition house. (T. at 98-99).

{¶12} Serena Cook testified that she knew Appellant and that she took him to a house on Maholm Street to pick up his clothes. (T. at 175, 177). She stated that Appellant was upset at that time and a few weeks later admitted to her that he had shot the house with a flare gun. (Tr. 176, 178).

{¶13} Sonja Smith testified that she knew Appellant from the neighborhood (T at. 182). Ms. Smith explained that Appellant had dropped off some clothes and asked her to keep them for him. (T. at 183). She further testified that Appellant admitted to her that he had shot a house with a flare and started a fire. (T. at 183-184). She stated that Appellant told her that he planned to turn himself into the police for starting the fire. Id.

{¶14} Max Cullop testified that he is a friend of Appellant, and that Appellant told him that he was going to shoot the Moundbuilders house with a flare gun. (T. at 162, 163-164, 166, 168). He stated that the day after the fire, Appellant asked him for a ride

to Columbus. During the ride to Columbus, Appellant admitted that he had in fact shot a flare at the Moundbuilder's house. (T. at 166, 168).

{¶15} A'Leheija Ohara testified that on October 15, 2010, he was at his girlfriend's house, located at 116 Maholm Street, which is across the street from where the fire occurred. (T. at 105). He stated that he heard what sounded like a gunshot, went outside to investigate and saw a spark or flash of light and fire coming from a hole on the side of the house at 123 Maholm Street. (T. at 108-111).  He said that he also saw Appellant was riding down the street on a bicycle, and that he was the only person on the street. (T. at 108-109). Mr. Ohara stated that he knew that a man named Michael Justice lived at the 123 Maholm Street residence. (T. at 111). He also stated that he knew that Appellant was known to carry a flare gun. (T. at 113).

{¶16} Michael Justice was not present at the trial but had testified at a prior trial involving Appellant. The defense sought to introduce his prior testimony. The State initially objected to this testimony, but withdrew the objection when the trial court advised it would continue the trial in order to permit the defense to introduce said testimony. (T. at 201-213).

{¶17} Mr. Justice's testimony was that Appellant had resided at the transition home on Maholm Street but had been asked to leave. (T. at 219).  Appellant was upset about being asked to leave and continued to return to the home. (T. at. 219). On the night of the fire, Mr. Justice claimed he saw Appellant leaving the scene on a bicycle. (T. at 231).

{¶18} The jury also heard testimony from William Eberts, an officer with the Newark Police Department. (T. at 85). On October 15, 2010, he responded to a fire at 123 Maholm Street, which is an occupied structure. (T. at 86-87).

{¶19} Tim Smith testified that he is an arson investigator with the City of Newark and an expert in arson investigation. (T. at 130, 133). Mr. Smith testified that in his opinion, the fire at 123 Maholm Street was caused by a person shooting the house with a flare gun. (T. at 133, 150).

{¶20} Ray Ladrick, a criminalist with the State Fire Marshall, testified that he examined evidence from the source of the fire and found that there were chemicals consistent with a flare being used to start the fire.   (T. at 238, 241, 243-244).

{¶21}  At the conclusion of the trial, the jury returned a verdict of guilty as charged.

{¶22} On June 15, 2011, Appellant was sentenced to five (5) years incarceration.

{¶23}  Appellant now appeals, assigning the following sole error for review:

ASSIGNMENT OF ERROR

{¶24} "I. THE TRIAL COURT VIOLATED APPELLANT'S STATE AND FEDERAL RIGHTS TO DUE PROCESS AS WELL AS BEING DENIED A FAIR AND IMPARTIAL TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I .OF THE OHIO CONSTITUTION BY USING EVIDENCE INSUFFICIENT AS A MATTER OF LAW TO SUPPORT THE CONVICTION. IN ESSENCE, THE TESTIMONY OF THE WITNESSES AND THE FACTS AT HAND DID NOT SHOW

THAT THE APPELLANT COULD IN ANY WAY BE IDENTIFIED AS BEING AT THE SCENE OF THE CRIME AT OR SHORTLY AFTER THE CRIME WAS ALLEGEDLY COMMITTED AS WELL AS THE WITNESSES WHO ALLEGEDLY TESTIFIED AS TO APPELLANT'S CONFESSIONS WERE UNRELIABLE, INCONSISTENT AND UNTRUTHFUL."

I.

**{¶25}** In Appellant's sole assignment of error, Appellant argues that his conviction was against the manifest weight of the evidence. We disagree.

**{¶26}** Our standard of review for manifest weight in criminal matters is as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 Ohio B. 215, 20 Ohio App.3d 172, 485 N.E.2d 717; *See also State v. Thompkins* (1997), 78 Ohio St.3d 380, 1997 Ohio 52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

**{¶27}** In the case sub judice, Appellant was convicted of aggravated arson, a violation of R.C. §2902.02(A)(2), which provides:

**{¶28} "R.C. §2909.02 Aggravated arson**

**{¶29}** "(A) No person, by means of fire or explosion, shall knowingly do any of the following:

{¶30} "(1) ***

{¶31} "(2) Cause physical harm to any occupied structure;"

{¶32} Thus, to find Appellant guilty of aggravated arson, the jury had to find that Appellant, by means of fire or explosion, knowingly caused physical harm to any occupied structure.

{¶33} Here, we find that the jury had before it ample evidence to find that Appellant knowingly caused the fire herein by firing a flare at the house, which was occupied.

{¶34} As set forth above, the jury heard expert testimony that the fire herein was caused by a flare. Additionally, they heard from two witnesses, A'Leheija Ohara and Michael Justice, who stated that they saw Appellant leaving the scene of the fire. Further, they heard testimony from Sonja Smith and Max Cullop who stated that Appellant admitted to them that he started the fire by firing a flare at the house. The jury also heard testimony that Appellant had recently been a resident at the transition house but had been asked to leave, which he was unhappy about.

{¶35} Appellant herein argues that the eye witnesses in this case were not credible, and the witnesses who testified as to his alleged confessions were unreliable, inconsistent and untruthful.

{¶36} As an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. It is well-established that the trier of fact is in

a far better position to observe the witnesses' demeanor and weigh their credibility. *See, e.g., Taralla v. Taralla,* Tuscarawas App.No. 2005 AP 02 0018, 2005–Ohio–6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212

**{¶37}** Based on the foregoing, we find that Appellant's conviction for aggravated arson was not against the manifest weight of the evidence.

**{¶38}** For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                                            JUDGES

JWW/d 0307

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                               :
                                            :
    Plaintiff-Appellee                      :
                                            :
-vs-                                        :                JUDGMENT ENTRY
                                            :
ROBERT G. DUDLEY                            :
                                            :
    Defendant-Appellant                     :                Case No. 11 CA 0078


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

    Costs assessed to Appellant.


                                 _____


                                 _____


                                 _____
                                        JUDGES