[Cite as *In re K.S.*, 2015-Ohio-4339.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

K. S.

MINOR CHILD

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2015 CA 00116


O P I N I O N



| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2014 JCV 00206 |
| --- | --- |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 19, 2015 |


APPEARANCES:

| For Appellant-Father | For Appellee-SCJFS |
| --- | --- |
| MARY R. WARLOP | JAMES B. PHILLIPS |
| ABNEY LAW OFFICE, LLC | STARK COUNTY JFS |
| 116 Cleveland Avenue, NW, Suite 500 | 221 Third Street, SE |
| Canton, Ohio 44701 | Canton, Ohio 44702 |

*Wise, P. J.,*

**{¶1}.** Appellant Kye Schlott appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted legal custody of his son, K.S., to paternal relatives. The relevant facts leading to this appeal are as follows.

**{¶2}.** On March 5, 2014, Appellee Stark County Job and Family Services filed a complaint alleging that K.S., born in September 2013, was abused, neglected, and/or dependent. Initial concerns included the mental health of the mother, Desere Ohlinger, as well her domestic violence victimization and the poor condition of the home. There were also concerns about appellant-father's substance abuse, specifically alcohol, and his anger management and erratic behavior issues.

**{¶3}.** Emergency shelter care was ordered on March 5, 2014.

**{¶4}.** An adjudication hearing took place on May 30, 2014. Both parents stipulated to a dependency finding at that time. Temporary custody of K.S. with SCJFS was also maintained.

**{¶5}.** The trial court issued orders maintaining status quo on the case on August 26, 2014 and January 27, 2015.

**{¶6}.** On February 3, 2015, SCJFS filed a motion requesting legal custody be granted to paternal relatives Joseph and Cheryl Baxter. The matter proceeded to evidentiary hearings held on May 4 and May 15, 2015. Following said proceedings, the trial court granted legal custody of K.S. to the Baxters and denied appellant's request to extend temporary custody to the agency for six more months. The trial court, under a

different case number, also issued separate orders granting permanent custody of N.S., the younger brother of K.S., to SCJFS.[1]

{¶7}. On June 17, 2015, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶8}. "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING LEGAL CUSTODY OF [K.S.] TO THIRD PARTIES AS SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT SUCH DECISION WAS IN [K.S.'S] BEST INTEREST."

I.

{¶9}. In his sole Assignment of Error, appellant-father contends the trial court erred and abused its discretion in granting legal custody of K.S. to relatives. We disagree.[2]

{¶10}. In Ohio, the statutorily permissible dispositional alternatives in a dependency, neglect, or abuse case are enumerated in R.C. 2151.353(A). *See, e.g., In re S.Y.,* 5th Dist. Tuscarawas No. 2011AP04 0018, 2011–Ohio–4621, ¶ 31. In particular, R.C. 2151.353(A)(3) provides in pertinent part: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: *** Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the

---

[1]　Appellant has separately appealed the trial court's grant of permanent custody of N.S., the younger brother of K.S., to SCJFS, rendered under trial court case number 2014JVC00960. N.S. was born after the commencement of the action regarding K.S.

[2]　The mother of K.S. did not contest the change of legal custody and has not appealed.

child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. ***."

{¶11}. Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. It is well-established that the trial court in a bench trial is in the best position to determine the credibility of witnesses. *See*, *e.g.*, *In re Brown,* 9th Dist. Summit No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Furthermore, the trial court, as the fact finder, is free to believe all, part, or none of the testimony of each witness. *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. In contrast, as an appellate court, we are not the trier of fact; instead, our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911.

{¶12}. Once a child has been adjudicated dependent it is no longer necessary to find the parent unsuitable since this is already a determination via the dependency hearing; the focus must be on the best interest of the child. *See In re Burnette*, 5th Dist. Licking No. 2007CA00076, 2007-Ohio-6269, ¶ 28, citing *In re C.R.,* 108 Ohio St.3d 369, 843 N.E.2d 1188, 2006-Ohio-1191, ¶10 - ¶12 (additional citations omitted). We nonetheless note the record before us includes the following evidence: Appellant did not

significantly remedy the home condition factors (described by a caseworker as "pretty horrible") which were of concern to the agency during the case, including junk and automotive fluid containers on the porch, garbage and cat food on the floor, unmaintained kitty litter bins, unsanitary bathroom facilities, and a gaping hole in the middle of the kitchen floor (apparently patched shortly before the trial). Tr. at 13, 16-17, 28. Appellant participated in a Goodwill Parenting program and had scored well in the final written portions, but he received only a certificate of attendance, with the instructor testifying that she still had "grave concerns" about appellant's ability to parent. Tr. at 103. Appellant, who has a criminal record for menacing and domestic violence (Tr. at 20-21), attended Melymbrosia group counseling, but the clinical director opined that the program did not alter appellant's thinking or sense of accountability, or result in successful treatment. Tr. at 75-77. Michael Stranathan, a psychology assistant at NEOBH, completed a parenting evaluation and testified without objection as an expert witness. Tr. at 41. He stated, *inter alia*, that appellant has presented a history of anti-social and aggressive behaviors, creating long-term concerns about appellant's ability to parent. *See* Tr. at 44-45. The SCJFS ongoing family services worker, Wanda Pounds, observed that despite the utilization of numerous service providers, the repeated result is unsuccessful case plan progress and a complete lack of recommended reunification by said providers. *See* Tr. at 25-27.

{¶13}. We thus proceed to consider the "best interest" issue. Despite the differences between a disposition of permanent custody and a disposition of legal custody, some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial

courts making legal custody decisions." *In re A.F.,* 9th Dist. Summit No. 24317, 2009–Ohio–333, ¶ 7, citing *In re T.A.,* 9th Dist. Summit No. 22954, 2006–Ohio–4468, ¶ 17. The test would thus encompass a consideration of factors including, but not limited to: (1) the child's interaction with his or her parents, siblings, relatives, foster caregivers, and others, (2) the child's wishes, which may be expressed by the guardian ad litem, (3) the child's custodial history, and (4) the need for a legally secure permanent placement. *See* R.C. 2151.414(D)(1).

{¶14}. In the case *sub judice*, testimony by the ongoing caseworker, Wanda Pounds, indicated that when K.S. was taken into shelter care custody he was severely underweight and has since required speech, occupational, and physical therapy. Tr. II at 15. The Baxters, during their time of temporary placement, have responded to these issues and great improvement has been made with regard to K.S. Tr. II at 15-16. He is not placed with his brother, N.S., although contacts have been arranged by the Baxters and the foster parents of N.S. Tr. II at 11. In regard to the option of simply extending temporary custody with the agency for awhile, Ms. Pounds had clearly stated earlier in her testimony: "[N]o positives have ever resulted [on the case plan]. I don't see what six more months would do." Tr. at 26. The guardian ad litem, Attorney Vernon Infantino, testified appellant had shown little dedication to getting K.S. back during the case, that he did not believe appellant capable of parenting the child at this time, and that appellant's home remained an inappropriate setting for K.S. Tr. II at 26, 29. Mr. Infantino felt a bond had developed between the Baxters and K.S. Tr. II at 24. He ultimately recommended legal custody to the Baxters. Tr. II at 23; GAL Report.

{¶15}. Upon review of the record and the findings of fact and conclusions of law therein, we find no basis to alter the decision of the trier of fact, and we conclude the grant of legal custody of K.S. to relatives was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.

{¶16}. Appellant's sole Assignment of Error is therefore overruled.

{¶17}. For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 1015