[Cite as *In re D.P.*, 2019-Ohio-4970.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                              | JUDGES:                          |
|------------------------------|----------------------------------|
|                              | Hon. John W. Wise, P. J.         |
| IN THE MATTER OF:            | Hon. Patricia A. Delaney, J.     |
|                              | Hon. Craig R. Baldwin, J.        |
|                              |                                  |
| D.P.                         | Case No. 2019CA00120             |
|                              |                                  |
|                              | O P I N I O N                    |


| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2018JCV00379 |
|--------------------------|--------------------------------------------------------------------------------------|


| JUDGMENT: | Affirmed |
|-----------|----------|


| DATE OF JUDGMENT ENTRY: | December 2, 2019 |
|-------------------------|------------------|


APPEARANCES:

For Plaintiff-Appellee

JAMES B. PHILLIPS
STARK COUNTY JFS
402 2nd Street, SE
Canton, Ohio  44702

For Defendant-Appellant

AARON KOVALCHIK
116 Cleveland Avenue, NW
Suite 808
Canton, Ohio  44702

*Wise, P. J.*

{¶1} Appellant-Father C.P. appeals the judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of his minor child D.P. to Appellee Stark County Department of Job and Family Services.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} Appellant-Father C.P. and Mother S.W. are the parents of the minor children, K.P. (DOB 02/19/08), J.P. (DOB 05/13/17) and D.P. (DOB 5/13/17).

{¶3} On April 12, 2018, SCJFS filed a complaint alleging the dependency and/or neglect of D.P. (DOB 05/13/17). The allegations of the complaint centered on both parent's persistent drug use, poor home conditions, and medical neglect of the child. The SCJFS had attempted to work voluntarily with the family in a non-court case since August of 2017. Those efforts were unsuccessful, and the complaint was filed.

{¶4} On April 13, 2018, a shelter care hearing was held. The parents stipulated to probable cause. Based on the stipulations, the trial court found that probable cause existed for the involvement of SCJFS and granted emergency temporary custody to the Agency.

{¶5} On May 7, 2018, a CASA report was filed, and on May 9, 2018, an initial case plan was filed.

{¶6} On July 5, 2018, the parents failed to appear at an adjudication hearing. Based on the evidence presented, the trial court found the minor children to be dependent and placed them into the temporary custody of SCJFS. The trial court approved and adopted the case plan and found that SCJFS had made reasonable efforts to prevent the need for the continued removal of the children from the home.

**{¶7}** On October 9, 2018 and March 8, 2019, the trial court reviewed the case. The trial court approved and adopted the case plan and found that SCJFS had made reasonable efforts to prevent the need for the continued removal of the children from the home. The trial court also found that compelling reasons existed to preclude a request for permanent custody only at the October 9, 2018 hearing.

**{¶8}** On February 11, 2019, SCJFS filed a motion seeking permanent custody of the children. The original permanent custody hearing date had to be continued due to the serious illness of the ongoing caseworker.

**{¶9}** The Guardian ad Litem for D.P. submitted a report stating that D.P. was adjusted to his foster family and doing well and recommending that D.P. be placed into the permanent custody of SCJFS.

**{¶10}** On July 2, 2019, the trial court heard evidence on the motion seeking permanent custody of the minor children. Tr. at 3-45. At the hearing, SCJFS presented evidence regarding Appellant-Father and K.P., J.P., and D.P. Tr. at 10-20, 20-33. Specifically, Caseworker Sue Snyder testified that Appellant had not completed his case plan, had not significantly reduced the risk he posed to his children, had abandoned his children, and that Appellant was currently serving a four-year prison sentence for Felonious Assault and Domestic Violence against the children's mother. Tr. at 10-20. Ms. Snyder also testified that permanent custody was in the best interests of the children. Tr. at 20-33.

**{¶11}** Appellant Father also testified in the Best Interest Hearing. Tr. at 36-42. He stated that he is doing well in prison, that he is sober and is taking GED classes. *Id.* Appellant admitted to currently serving a four-year prison sentence and not visiting his

children in over 90 days before he was arrested on his current charge. Tr. at 37, 41. Appellant also admitted that if he were granted an early judicial release, he would be transferred to SRCCC for several more months, and children are not allowed at that facility. Tr. at 41.

{¶12} Mother was present at the hearing, stipulated to the granting of permanent custody, and signed a stipulation form voluntarily relinquishing her parental rights.

{¶13} The Guardian ad Litem for the children submitted a report recommending that permanent custody of the children be granted to SCJFS. The trial court took the matter under advisement. Tr. at 45.

{¶14} On July 8, 2019, the trial court issued its findings of fact granting permanent custody of K.P., J.P. and D.P. to SCJFS and terminating Appellant's parental rights. Specifically, the trial court found that, despite reasonable efforts by SCJFS, the minor children could not and should not be placed with Appellant within a reasonable amount of time, Appellant had abandoned the children, and the grant of permanent custody was in the children's best interest.

{¶15} Appellant-Father now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶16} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT AT THIS TIME OR WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶17} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING

OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I.

**{¶18}** Appellant-Father argues that the trial court's finding that D.P. could not be placed with him within a reasonable period of time was against the manifest weight and sufficiency of the evidence.

**{¶19}** A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954); *In re: Adoption of Holcomb,* 18 Ohio St.3d 361, 481 N.E.2d 613 (1985).

**{¶20}** In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel,* 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60 (1990); *See also, C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N .E.2d 54.

**{¶21}** Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

**{¶22}** Further, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger,* 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); *see, also*, *In re: Christian,* 4th Dist. Athens App. No. 04CA10, 2004–Ohio–3146; *In re: C. W.,* 2nd Dist. Montgomery App. No. 20140, 2004–Ohio–2040.

**{¶23}** Pursuant to §2151.414(B), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one

or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

**{¶24}** Revised Code §2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

* * *

(10) The parents has abandoned the child.

***

(16) Any other factors the court considers relevant.

**{¶25}** Upon review, the trial court's finding that D.P. could not be placed with Appellant-Father within a reasonable period of time was not against the manifest weight or sufficiency of the evidence. In concluding that the child cannot or should not be placed

with Appellant within a reasonable period of time, there was enough evidence for the trial court to rely upon R.C. §2151.414(E)(1). Caseworker Snyder testified that Appellant was currently serving a four year prison term for assaulting the child's mother. Tr. at 17. Appellant-Father failed to complete his drug and alcohol assessment. Tr. at 14-15. Appellant-Father failed to keep the home in a clean condition prior to the initiation of the court case. Id.  Subsequent to the filing of the court case, Appellant failed to engage in recommended substance abuse treatment. Tr. at 16. Appellant tested positive for alcohol and marijuana throughout the pendency of the cases. Tr. at 16. Appellant failed to complete a parenting assessment with Northeast Ohio Behavioral Health as recommended. Tr. at 15-16. Appellant did not complete his case plan or reduce the risks that led to the involvement of the Agency in this case. Tr. at 16-17.

{¶26} Caseworker Snyder further testified that Appellant also failed to visit the children prior to his incarceration. Tr.  at 16-17. Appellant's last visit with his children was on June 6, 2018. Tr. at 16. More than 90 days lapsed between June 6, 2018, and the July 2, 2019, the date of the trial.  Appellant confirmed the testimony of the case worker. Tr. at 41.

{¶27} For the aforementioned reasons, there was more than enough evidence for the trial court to conclude that D.P could not and should not be replaced with Appellant within a reasonable amount of time.

{¶28} Appellant's first assignment of error should be overruled.

II.

{¶29} In his second assignment of error, Appellant-Father argues that the finding that permanent custody was in the best interest of D.P. was against the manifest weight and sufficiency of the evidence.

**{¶30}** In determining the best interest of the child at a permanent custody hearing, R.C. §2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

**{¶31}** Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. As an appellate court, we are not the trier of fact; instead, our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA–5758, 1982 WL 2911.

**{¶32}** As noted in our recitation of the facts, the trial court conducted the permanent custody trial in this matter on July 2, 2019. During the best interest portion of the trial, Caseworker Snyder testified that D.P., who is now 2 years old and was 11 months old at the time of removal from his home, has a lazy eye, which required corrective surgery. This child also has speech delays.

**{¶33}** Caseworker Snyder further testified that the foster parents are meeting the medical needs of the children. Tr. at 25. She stated that the children have been with their foster family since September, 2018, that they are bonded with the foster family and the foster family wishes to adopt the children. Tr. at 26-27, 31. Finally, she stated that it was her opinion that permanent custody would be in the children's best interest as the children would have stability and permanence. Tr. at 28-32.

**{¶34}** Additionally, the Guardian ad Litem for the children also agreed that permanent custody is in the best interests of the children.

**{¶35}** Based on the foregoing, we find that the trial court's finding that permanent custody was in the best interest of D.P. was supported by the evidence.

**{¶36}** Appellant's second assignment of error is overruled.

**{¶37}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.

By: Wise, P. J.
Delaney, J., and
Baldwin, J., concur.

JWW/d 1120