[Cite as *Lingnau v. Lingnau*, 2012-Ohio-4779.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MICHELLE LINGNAU | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 12 CA 9 |
| STEVEN LINGNAU | |
|     Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No.  06 DR 01883 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 15, 2012 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| CINDY RIPKO<br>35 South Park Place<br>#201<br>Newark, Ohio  43055 | STEVEN T. GREENE<br>MORROW, GORDON & BYRD<br>33 West Main Street, P.O. Box 4190<br>Newark, Ohio  43058-4190 |

*Wise, J.*

{¶1} Defendant-Appellant Steven Lingnau appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which granted a modification of his child support obligation. Plaintiff-Appellee Michelle Lingnau is appellant's former spouse and the obligee for said support order. The relevant facts leading to this appeal are as follows.

{¶2} Appellant and appellee were married in June 1995. Three children were born of the marriage.

{¶3} On July 21, 2008, appellant and appellee were divorced via a decree filed in the Licking County Court of Common Pleas, Domestic Relations Division. Among other things, the decree required appellant to pay the sum of $406.34 per month plus processing charges for support of the three children. This amount was based on the guideline worksheet calculation, using $14,222.00 as the annual gross income for appellant and $55,000.00 as the annual gross income for appellee. (See Line 7 of the worksheet - R.C. 3119.022).

{¶4} On December 16, 2008, the parties jointly filed a motion seeking modification of certain terms of the divorce decree, including child support. On the same day, a consent judgment entry was filed wherein appellant's child support obligation was reduced to zero dollars via an agreed deviation. The entry states in pertinent part: "A deviation from the previously ordered child support is warranted due to the fact that [appellant] will be paying one-half of the sporting fees of the minor children and one-half of any extracurricular activity fees incurred by the children. In addition, the income disparity of the parties is such that a deviation is warranted, and [appellant] has been

and will be exercising parenting time with the children on a frequent basis. The Court further finds that [appellee] is willing to waive child support payments. ***." Judgment Entry, December 16, 2008, at 1.

{¶5} On or about September 25, 2010, appellee submitted a signed request to the Licking County CSEA for an administrative review of child support. On January 19, 2011, counsel for CSEA filed with the trial court a motion to review child support. At the hearing, neither appellant nor appellee appeared. The trial court overruled said motion on April 4, 2011. Neither party appealed said decision.

{¶6} On June 10, 2011, counsel for CSEA again filed with the trial court a motion to review child support. On this occasion, the matter proceeded to a hearing before a magistrate on July 27, 2011. Both parties appeared pro se; appellant, born in 1960, testified that although he has a bachelor's degree in microbiology and chemistry, he has been turned down for jobs because he is either too old or has too much education. Tr. at 31, 33. He estimated his 2010 income at $4,500.00 to $5,500.00, and stated he "relies on the assistance of family." *Id.*

{¶7} The magistrate issued a decision on August 24, 2011. The magistrate therein concluded, inter alia, that "there is a considerable amount of doubt about both individual's (sic) credibility" and he found that the "original rationale for the institution of the deviation" no longer existed. Magistrate's Decision at 4, 5. The magistrate found it to be equitable to utilize the agreed guideline worksheet from 2007 (used in the 2008 divorce decree) as the basis for the parties' incomes, and thereupon ordered the prior figure of $406.34 per month plus processing charges for child support, effective July 27, 2011.

{¶8} Appellant filed a pro se objection to the decision of the magistrate on October 26, 2011, to which appellee responded via a memorandum contra on November 21, 2011.

{¶9} On January 19, 2012, the trial court issued a final judgment entry adopting the decision of the magistrate.

{¶10} Appellant filed a notice of appeal on February 17, 2012. He herein raises the following three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION TO REVIEW AND ADJUST CHILD SUPPORT BECAUSE APPELLEE'S ARGUMENTS WERE BARRED BY THE DOCTRINE OF RES JUDICATA.

{¶12} "II. THE TRIAL COURT ERRED IN IMPUTING INCOME TO APPELLANT WITHOUT COMPLYING WITH THE MANDATES OF R.C. 3119.01(C)(5)(b) AND (C)(11).

{¶13} "III. THE COURT ERRED IN DETERMINING THAT THE ORIGINAL RATIONALE FOR INSTITUTION OF A DEVIATION NO LONGER EXISTED AND IN CALCULATING THE AMOUNT OF CHILD SUPPORT OWED BY APPELLANT BY FAILING TO COMPLY WITH THE MANDATES OF R.C. 3119.79 AND 3119.23."

I.

{¶14} In his First Assignment of Error, appellant contends the trial court erred in modifying child support, on the basis that such modification violated the doctrine of res judicata. We disagree.

{¶15} Appellant's basis for his res judicata argument is that the issues raised in the CSEA motion leading to the court's decision of April 4, 2011, in which modification

of the $0 child support order was denied, were the same issues raised in the CSEA motion leading to the court's decision of January 19, 2012, in which modification was granted to $406.34 per month.

**{¶16}** We first note the record before us reveals that appellant, who was proceeding pro se at the time, did not raise the issue of res judicata either directly to the magistrate or via his written objections to the decision of the magistrate. Civ.R. 53(D)(3)(b)(iv) provides that "[a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." *See, e.g., Sano vs. Sano,* Stark App.No. 2010Ca00252, 2011-Ohio-2110, ¶ 16. Civ.R. 53 requires the objections to be specific. *North v. Murphy* (March 9, 2001), Tuscarawas App.No. 2000AP050044. Accordingly, we find appellant's present challenge to the modification finding to be waived.

**{¶17}** Moreover, even under a "plain error" approach, we note OAC 5101:12-60-05(D)(1) states: "An adjustment is appropriate when *** [t]he recommended amount of a child support obligation or a cash medical support obligation is more than ten per cent different than the existing obligation ***." In the case sub judice, appellee alleged the occurrence of a significant reduction in her income as the chief basis of her request for a modification. *See* Tr. at 6. Because the parties' disparity in incomes was part of the rationale for the original deviation, we find there were grounds for the CSEA administrative process and subsequent court review. Furthermore, in our opinion in *Kiehborth v. Kiehborth*, 169 Ohio App.3d 308, 862 N.E.2d 863, 2006-Ohio-5529, we noted that a domestic-relations court has continuing jurisdiction over matters of child support, and we further expressed caution in the overapplication of res judicata in cases

of child support modification "in order to prevent a chilling effect on Ohio's legal mechanisms for periodic adjustments to child-support orders." *Id.* at ¶ 15. As such, we are not inclined to herein invoke the doctrine of res judicata under a plain error standard.

{¶18} Appellant's First Assignment of Error is therefore overruled.

II.

{¶19} In his Second Assignment of Error, appellant contends the trial court erred in imputing income to him in light of R.C. 3119.01(C)(5)(b) and (C)(11). We disagree.

{¶20} The imputation of income is a matter to be determined by the trial court based upon the facts and circumstances of each case. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218, paragraph one of the syllabus. A determination with respect to these matters will be reversed only upon a showing of abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer,* 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010–Ohio–3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911.

{¶21} The child-support worksheet set forth in R.C. 3119.022 and 3119.023 includes space for the assessment of each parent's income, which is defined, for a parent who is unemployed or underemployed, as "the sum of the gross income of the

parent and any potential income of the parent." R.C. 3119.01(C)(5)(b). Included in the definition of "potential income" is imputed income as determined by a court or child-support enforcement agency. R.C. 3119.01(C)(11).

{¶22} Appellant essentially maintains that by reverting to the guideline worksheet from the 2008 divorce decree (which listed appellant's annual income as $14,222.00), the trial court improperly imputed income to him without making a finding that he was presently voluntarily unemployed or underemployed. *See* R.C. 3119.01(C)(11). However, in *Snyder v. Snyder,* Stark App.No. 2008CA00219, 2009-Ohio-5292, this Court addressed the issue of the necessity of a specific finding that the obligor was either voluntarily unemployed or voluntarily underemployed, and held there was no "magic language" requirement under the statute. *Id.* at ¶ 37.  The magistrate in the case sub judice indeed did not issue a finding or conclusion using the specific wording of "voluntarily unemployed or underemployed" in his decision. However, he noted that appellant "is not pursuing any employment" in spite of the fact he holds "a teaching degree and a bachelor of science degree. ***"  *See* Decision at 3. The magistrate further reiterated appellant's testimony that he had "just sort of lost interest" in pursuing work. *See* Decision at 4. Appellant further admitted that he was fired from one job for just cause, at which he was making $30,000.00 per year.  *See* Decision at 4; Tr. at 33. Taken in its entirety, we find the magistrate's decision clearly sets forth the magistrate's belief that appellant was voluntarily unemployed or underemployed.

{¶23} Accordingly, we are unpersuaded upon review that the court's utilization of imputed income regarding appellant was unreasonable, arbitrary, or unconscionable under the circumstances presented.

**{¶24}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶25}** In his Third Assignment of Error, appellant contends the trial court erred in determining that the original rationale for institution of a deviation no longer existed and in calculating the amount of child support by allegedly failing to comply with the mandates of R.C. 3119.23 and 3119.79. We disagree.

**{¶26}** We first consider appellant's claim under R.C. 3119.23. This statute sets forth a number of factors "[t]he court may consider *** in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code." However, in the case sub judice, the magistrate was not technically determining whether a deviation should be granted; instead, he was considering the possibility of eliminating any deviation and returning to a worksheet-based order. The magistrate noted:

**{¶27}** "The support set herein originally was deviated from the monthly amount of $414.47 for the three children, in January, 2007, to zero. The parties' incomes at that point were $55,000.00 for the plaintiff and $14,222.00 for the defendant. His income was derived from 'other' sources. The rationale for the deviation was the disparity in the incomes and the fact that the defendant would be paying one-half of the sporting fees and extracurricular fees for the children. The plaintiff claims there have been limited payments in either of these categories. The defendant said he had never been notified in advance of the incurring of these expenses by the plaintiff. As stated above, [a previous magistrate] established a procedure for seeing that there (sic) expenses were presented to the defendant and that he satisfied them.

**{¶28}** "The plaintiff was to provide the bills, after they were incurred, to the defendant, by certified mail, on or before the 7th of each month and he was to pay his share on or before the 7th of the next month.  No proof was furnished by either party as to how closely they followed this order.  Looking at their performances in other areas, the Magistrate doubts that the plaintiff sent much and that the defendant paid much.

**{¶29}** "At this point, the Magistrate enters the finding that the original rationale for the institution of the deviation no longer exits (sic). * * *. "

**{¶30}** Magistrate's Decision at 4-5.

**{¶31}** It is well-established that the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. *See, e.g., Taralla v. Taralla,* Tuscarawas App.No. 2005 AP 02 0018, 2005–Ohio–6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon review, we find no reversible error regarding the removal of the deviation on the grounds that the statutory factors were not considered.

**{¶32}** Appellant secondly challenges the trial court's decision in light of the "ten per-cent rule" in R.C. 3119.79(A). The Ohio Supreme Court, in *DePalmo v. DePalmo* (1997), 78 Ohio St.3d 535, 538, 679 N.E.2d 266, held that where a support order already exists, the test for determining whether child support shall be modified is the 10 percent threshold set forth in R.C. 3113.215(B)(4) (now R.C. 3119.79(A)).

**{¶33}** We have previously recognized that a child support order which requires zero support to be paid is an "existing child support order." *See Foss v. Foss,* Richland App.No. 05 CA 7, 2005–Ohio–3614, ¶ 12, citing *Fields v. Fields,* Medina App.No. 04CA0018–M, 2005–Ohio–471, ¶ 11 (additional citations and quotations omitted).

"Obviously, when the amount of child support is zero, but the support guidelines establish that the parent owes support, then the ten percent difference is clearly met." *Ayers v. Haas,* Van Wert App.No. 15–07–13, 2008–Ohio–2405, ¶ 25, citing *DePalmo* at 540, 679 N.E.2d 266.

{¶34} Appellant now belatedly states that he "sympathizes with the task of the Magistrate in attempting to sort out issues based upon the state of the record that was presented to the Court by two pro se litigants ***." Appellant's Brief at 11. Nonetheless, while the magistrate forthrightly indicated he was "at somewhat of a loss" as to obtaining specific income figures, we find he relied upon a range of potential income figures from the evidence that encompassed the original worksheet figures, thus determining that it was equitable to use the original 2008 income figures for the current worksheet. Accordingly, we find there was sufficient evidence before the trial court to justify its decision, including the imputing of income to appellant, and we find no abuse of discretion in the court's decision regarding child support modification.

**{¶35}** Appellant's Third Assignment of Error is overruled.

**{¶36}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0918

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MICHELLE LINGNAU                              :
                                             :
    Plaintiff-Appellee                   :
                                             :
-vs-                                         :                JUDGMENT ENTRY
                                             :
STEVEN LINGNAU                               :
                                             :
    Defendant-Appellant                  :                Case No. 12 CA 9

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____
JUDGES