[Cite as *Hancock v. Crook*, 2014-Ohio-5106.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kevyn Hancock, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-332 |
| v. | : | (C.P.C. No. 13JU-12500) |
| Devina Crook, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

———

D E C I S I O N

Rendered on November 18, 2014

———

*Kevin Hancock,* pro se.

———

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

CONNOR, J.

{¶ 1} Plaintiff-appellant, Kevyn Hancock, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, in favor of defendant-appellee, Devina Crook. For the reasons that follow, we affirm the judgment of the trial court.

**A. Facts and Procedural History**

{¶ 2} On September 11, 2013, appellant filed a Pro Se "Complaint to Approve, Adopt and Modify/Terminate Child Support," seeking the modification of a September 29, 2011 administrative order of child support and medical support for appellant's minor child, Karsyn L. Hancock. Karsyn was born to appellee, Davina Cook, on February 28, 2011. Appellant's complaint seeks a reduction of monthly child support to $400, and an alternating allocation of the yearly child dependency exemption. On

March 6, 2014, appellee filed a waiver of service of summons and a magistrate of the court held a hearing on the matter.

{¶ 3} On March 11, 2014, the magistrate issued a decision recommending approval and adoption of the September 29, 2011 order, without modification. Appellant did not file an objection to the magistrate's decision. On March 24, 2014, the trial court issued a "Judgment Entry & Magistrate's Decision Judgment Entry," which states:

> The Court adopts the magistrate's decision and approves the same, unless specifically modified or vacated, and enters the same as a mater of record, and includes same as the Court's judgment herein.

{¶ 4} Appellant filed a timely notice of appeal to this court on April 22, 2014.

## B. Assignments of Error

{¶ 5} Appellant's two assignments of error are as follows:

> [I.] The magistrate only credited me $3,900.00 yearly for the care of Kaniah (Hancock vs. Crook Exhibit 6). The amount should read $5,090.04 yearly for Kaniah's support (Hancock vs. Crook Exhibit 3, page 2).

> [II.] The magistrate granted the defendant, Devina Crook $1,518.40 for health insurance and $7,950.00 for child care without the defendant proving or providing any documentation.

## C. Standard of Review

{¶ 6} Civ.R. 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." "[I]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 7} Civ.R. 53(D)(3)(b)(iv) entitled "Waiver of right to assign adoption by court as error on appeal" specifically states that "[e]xcept for a claim of plain error, a party *shall not assign as error on appeal* the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as

required by Civ.R. 53(D)(3)(b)." (Emphasis added.) Appellant did not file objections to the magistrate's decision in this case. Accordingly, we must review appellant's assignments of error under plain error standard.

{¶ 8} In the context of a civil appeal, "an appellate court only applies the plain-error doctrine if the asserted error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Claffey v. Natl. City Bank*, 10th Dist. No. 11AP-95, 2011-Ohio-4926, ¶ 15, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 123 (1997). For example, a trial court commits plain error by excluding a child's father from a case plan where the county children services board knew father's identity and approximate whereabouts at the time it filed the dependency and neglect complaint. *In re S.R.*, 9th Dist. No. 27209, 2014-Ohio-2749, ¶ 26.

**D. Legal Analysis**

{¶ 9} In ruling that appellant was not entitled to a modification of the existing child support order, the magistrate determined that appellant did not demonstrate a sufficient change in circumstances to justify modification. Specifically, the magistrate found that the recalculated support order was not more than ten percent less than the amount of child support required to be paid pursuant to the existing child support order. R.C. 3119.79. In ruling that appellant was not entitled to a reallocation of the child dependency exemption, the magistrate found that appellant failed to produce evidence that a reallocation would produce a greater net tax savings. The trial court, finding no error of law or other defect on the face of the magistrate's decision, adopted the magistrate's decision as the judgment of the court.

{¶ 10} We note that appellant's assignments of error speak only to the decision of the magistrate. Appellant does not allege that the trial court erred when it adopted the magistrate's decision. Indeed, the errors that appellant raises in this appeal are not the sort of errors that would be apparent on the face of the magistrate's decision. Thus, we perceive no error on the part of the trial court in this instance.

{¶ 11} Moreover, even if we were to conclude that the magistrate committed the errors alleged by appellant, such errors do not " 'seriously affect the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of

the underlying judicial process itself.' " *Blevins v. Blevins,* 10th Dist. No. 14AP-175, 2014-Ohio-3933, ¶ 13, quoting *Goldfuss.* Accordingly, the errors alleged by appellant in this appeal do not rise to the level of plain error. *See, e.g., Blevins* at ¶ 24 (Appellant's assertion that the trial court erred by reducing appellee's child support obligation without cause and against the best interest of the children does not raise plain error); *In re J.P.-M.,* 9th Dist. No. 23694, 2007-Ohio-5412 (Trial court's refusal to remove child's guardian due to allegations of bias does not rise to the level of plain error); *Lingnau v. Lingnau,* 5th Dist. No. 10-15-2012, 2012-Ohio-4779 (In the context of a motion to modify child support, an appellate court will not invoke the defense of res judicata under the plain error standard where former husband failed to raise the defense either directly to the magistrate or in his written objections to the magistrate's decision); *Phillips v. Phillips,* 9th Dist. No. 13CA010358, 2014-Ohio-248 (Trial court's failure to appoint a guardian ad litem for minor children does not rise to level of plain error even though statutory law mandates the appointment when requested by either parent).

{¶ 12} Because appellant failed to object to the magistrate's decision and because the assigned errors do not rise to the level of plain error, we overrule each of appellant's assignments of error. Civ.R. 53(D)(3)(b)(iv).

{¶ 13} Having ruled that appellant waived the assigned errors, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____