[Cite as *Mendiola v. Mendiola*, 2011-Ohio-1326.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARGARET A. MENDIOLA | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case Nos. 2010 CA 00135 and |
| JAMES M. MENDIOLA | 2010 CA 00203 |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2009 DR 00156

JUDGMENT:                                 Affirmed

DATE OF JUDGMENT ENTRY:      March 21, 2011

APPEARANCES:

For Plaintiff-Appellee

JOHN H. SIMPSON
46 Federal Avenue, NW
Massillon, Ohio 44646

For Defendant-Appellant

STEVEN L. CRAIG
437 Market Avenue North
Canton, Ohio 44702

*Wise, J.*

{¶1} Appellant James M. Mendiola appeals from the decision of the Stark County Court of Common Pleas, Domestic Relations Division, granting a divorce between Appellee Margaret A. Mendiola and Appellant. The relevant facts leading to this appeal are as follows.

{¶2} Appellant and appellee were married on April 22, 1977. Three children were born of the marriage, all of whom are now adults. One of these adult children has special needs and resides with appellee, who is also the legal guardian.

{¶3} On February 11, 2009, appellee filed a complaint for divorce in the trial court. The parties reached partial agreement on the issues related to the divorce. After the final pretrial, the trial court found that spousal support and property valuations were not resolved, and the matter was set for trial on those issues on October 28, 2009. The matter was ultimately heard by a magistrate over the course of four separate days.

{¶4} On December 23, 2009, the magistrate issued an 11-page decision with findings of fact and conclusions of law. Among other things, the magistrate found the date of termination of the marriage to be December 1, 2009 and set forth a detailed division of marital property. Each side thereafter filed objections to the magistrate's decision. The trial court heard the objections on February 8, 2010.

{¶5} On April 28, 2010, the trial court issued a judgment entry overruling all objections and adopting the decision of the magistrate. A final decree was issued on July 2, 2010.

{¶6} On May 25, 2010 and August 2, 2010, appellant filed notices of appeal. He herein raises the following four Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO DETERMINE THAT THE CHARTER ONE BANK SAVINGS ACCOUNT AND ITS $88,000.00 BALANCE THAT EXISTED IN THIS ACCOUNT IMMEDIATELY BEFORE THESE PROCEEDINGS BEGAN WAS 'MARITAL PROPERTY' SUBJECT TO EQUAL/EQUITABLE DIVISION BETWEEN THE PARTIES.

{¶8} "II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN DETERMINING THAT THE HUNTINGTON NATIONAL BANK SAVINGS AND CHECKING ACCOUNTS OWNED BY APPELLANT WAS (SIC) 'MARITAL PROPERTY' AND COMPOUNDED ITS ERROR BY FURTHER DIVIDING THE FUNDS ON DEPOSIT AS PART OF ITS EQUAL AND EQUITABLE DIVISION OF MARITAL PROPERTY.

{¶9} "III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO DIVIDE ALL MARITAL PROPERTY EQUALLY AFTER SPECIFICALLY CONCLUDING THAT AN EQUAL DIVISION OF ALL MARITAL PROPERTY IS EQUITABLE.

{¶10} "IV. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION."

I., II., III., IV.

{¶11} All of appellant's assigned errors focus on a core group of assets, namely, a Charter One Bank account, a Huntington Bank account, and the marital residence on Third Street NE in Massillon, Ohio. Appellant essentially challenges certain facets of the magistrate's decision, and ultimate approval by the trial court, in assessing these assets as marital property and making the aggregate property division. Both parties have

provided thorough briefs on the issues, and we find it feasible under the circumstances presented to address the assigned errors together.

*Standard of Review*

**{¶12}** An appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of fact. Our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin-Auer*, 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911. The trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility. See, e.g., *Taralla v. Taralla*, Tuscarawas App.No. 2005 AP 02 0018, 2005-Ohio-6767, ¶ 31, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶13}** Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall ... determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(C)(1) further states: "Except as provided in this division or division (E)(1) of this section, the division of marital property shall be equal. If an equal division of marital

property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

**{¶14}** "The concept of marital property is derived from the premise that marriage is a voluntary partnership of co-equal partners with a division of duties and labor that entitles each partner to a one-half interest in the assets accumulated from the fruits of the partnership activity while the marriage is functioning." *Tomlin v. Tomlin* (March 16, 1987), Montgomery App. No. 10094, citing *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 350 N.E.2d 413. The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence. *Zeefe v. Zeefe* (1998), 125 Ohio App.3d 600, 614, 709 N.E.2d 208. The characterization of property as separate or marital is a mixed question of law and fact, and the characterization must be supported by sufficient, credible evidence. *Chase-Carey v. Carey* (Aug. 26, 1999), Coshocton App. No. 99CA1, 1999 WL 770172. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-of-discretion standard. See R.C. 3105.171(D).

<u>Analysis</u>

**{¶15}** As a background, in the case sub judice, several items of marital property which the trial court ordered to be sold, with the proceeds to be divided equally, are not herein specifically in dispute. These include a .35 acre vacant lot on Hess Avenue NW in Massillon and a small farm (not the marital residence) on Swamp Street SE in

Hartville, with an additional 19.6 acre lot in Hartville. Most of the farm equipment from the Hartville properties and several older trucks were treated likewise by the court. We also note that appellant's Conway Pension Plan and Conway Retirement Savings Plan were divided 50%/50%. The trial court also apportioned between appellant and appellee a number of items such as the Saturn and Subaru automobiles and furniture/appliances.

{¶16} We thus proceed to appellant's challenge to the trial court's redress of the bank accounts and marital residence. It is apparently undisputed that as of mid-July 2008 there was $88,000.00 in the parties' joint savings account at Charter One Bank. Evidence was adduced at trial that appellee withdrew one-half of that amount, i.e., $44,000.00, on July 15, 2008. Appellee further withdrew approximately $10,000.00 on July 17, 2008, for a total withdrawal of $54,000.00. In turn, appellant thereupon withdrew the remainder, approximately $34,000.00, from the Charter One account. Appellant then deposited this amount in a new Huntington Bank savings account, to which he subsequently added funds, resulting in a balance of $67,000.00 as of November 2009. The trial court, inter alia, awarded $62,698.00 of the Huntington account to appellant and $4,302.00 of said account to appellee. The trial court further awarded the Massillon marital residence, appraised at $62,500.00, to appellee.

{¶17} Appellant contends that appellee effectively dissipated the sum of $54,000.00 from the Charter One account by using the proceeds to pay living expenses and to purchase improvements for the house, as well as furniture and appliances. He challenges the trial court's decision to disregard this $54,000.00 in its marital property calculation when it simultaneously included the leftover $34,000.00 in the basket of marital property by including therein the Huntington account, into which appellant had

placed the $34,000.00. Appellant additionally claims the trial court exacerbated an inequitable result by awarding appellee the marital residence ($62,500.00 in appraised value) and $4,302.00 from the Huntington account, which, when added to the aforesaid $54,000.00 in "dissipated" funds from the Charter One account, allegedly resulted in an unequal distribution of more than $120,000.00 in appellee's favor.

{¶18} Upon review, we are unpersuaded by appellant's portrayal of the trial court's accounting of these issues. The record does not support appellant's implicit proposition that appellee engaged in financial misconduct by accessing monies from the joint Charter One account more than six months prior to the filing of her divorce complaint. Thus, the trial court did not abuse its discretion in leaving this $54,000.00 sum out of the marital property equation. Likewise, we find nothing in the record to make us conclude that the trial court abused its discretion in utilizing the date of December 1, 2009 as the termination date of the marriage, and thereby including as marital property the bank accounts, particularly the Huntington account, which were extant on that date.[1] Our reading of the trial court's ruling on marital property (not reiterating the evenly divided Conway Pension Plan and Conway Retirement Savings Plan and the items which were ordered sold with proceeds divided) is one of equal division, as set forth in the following chart:

---

[1] The magistrate, in his findings of fact, chose the wording "the parties divided the funds" in describing the parties' actions regarding the Charter One account in July 2008. See Magistrate's Decision at para. 98. However, we find this wording does not necessarily bind the trial court from legally recognizing the leftover $34,000.00 placed in the Huntington account as marital property.

| | Appellant-Husband | | | Appellee-Wife | |
|---|---|---|---|---|---|
| 1. | Huntington Savings | $62,698.00 | 1. | Huntington Savings | $ 4,302.00 |
| 2. | Invesco IRA | 4,019.80 | 2. | Marital Residence | 62,500.00 |
| 3. | Saws/Tools | 2,000.00 | 3. | Checking Account | 916.05 |
| 4. | Huntington Checking | 1,000.00 | 4. | 2001 Saturn | 3,000.00 |
| 5. | 1999 Subaru | 1,000.00 | | | |
| | | $70,717.80 | | | $70,718.05 |

## *Conclusion*

**{¶19}** Accordingly, we find no reversible error in the trial court's equal division of marital property between the parties. Appellant's First, Second, Third, and Fourth Assignments of Error are therefore overruled.

**{¶20}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.

By: Wise, J.

Edwards, J., concurs.

Hoffman, P. J., dissents.

_____

_____

_____

JUDGES

JWW/d 0228

*Hoffman, P.J., dissenting*

{¶21} I respectfully dissent from the majority opinion. I find the trial court's failure to recognize the $54,000 Appellee withdrew from the Charter One Bank joint savings account, as part of the marital assets, and failure to consider such in the distribution of said assets to be inequitable.

{¶22} The parties separated sometime in July, 2008. On July 15, 2008, Appellee withdrew $44,000.00 from the joint savings account. Appellee met with the attorney, who would ultimately represent her in the divorce action, on July 16, 2008. The following day, July 17, 2008, Appellee withdrew an additional $10,000.00 from the joint savings account. Commencing in August, 2008, Appellant voluntarily paid Appellee $2,000.00/month.

{¶23} It was apparent when Appellee made the withdrawals from the joint savings account the parties were contemplating divorce. Given the timing of the withdrawals, the timing of Appellee's initial consultation with an attorney, and the fact Appellant was paying Appellee $2,000.00/month, I find the trial court should have credited the withdrawals as part of Appellee's marital distribution. Accordingly, I would reverse the trial court's property division award.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MARGARET A. MENDIOLA                        :
                                            :
    Plaintiff-Appellee                      :
                                            :
-vs-                                        :              JUDGMENT ENTRY
                                            :
JAMES M. MENDIOLA                           :
                                            :
    Defendant-Appellant                     :         Case Nos. 2010 CA 00135 and
                                            :                   2010 CA 00203

        For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.

        Costs assessed to appellant.

_____

_____

_____

JUDGES