[Cite as *Golden v. Golden*, 2013-Ohio-1133.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DAVID E. GOLDEN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| SHERRY LYNN GOLDEN | : | Case No. 2012CA00122 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Family Court Division, Case
                                  No. 2011-DR-00370



JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 March 22, 2013




APPEARANCES:

For Plaintiff-Appellant                   For Defendant-Appellee

RICHARD L. FOX                            HERBERT J. MORELLO
122 South Wooster Avenue                  700 Courtyard Centre
Strasburg, OH  44680                      116 Cleveland Avenue, NW
                                          Canton, OH  44702

*Farmer, J.*

{¶1}    Appellant, David Golden, and appellee, Sherry Lynn Golden, were married on August 10, 2007.  On March 28, 2011, appellant filed a complaint for divorce.

{¶2}    Hearings before a magistrate were held on February 16, 2012 and March 9, 2012.  By decision filed March 27, 2012, the magistrate recommended a division of property and a spousal support award to appellee.  Appellant filed objections.  By judgment entry filed June 1, 2012, the trial court granted in part and denied in part appellant's objections, ordering the equal division of the marital portion of appellant's 401K and two outstanding debts.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE DURATION OF MARRIAGE WAS FROM AUGUST 10, 2007 TO FEBRUARY 16, 2012, A PERIOD OF 54 MONTHS, AS THE OVERWHELMING EVIDENCE BEFORE THE COURT WAS THAT THE PARTIES WERE IN ACTUALITY LIVING AND FUNCTIONING TOGETHER AS A SINGLE ECONOMIC UNIT LESS THAN HALF OF THAT TIME, AND IN FACT HAVE BEEN LIVING SEPARATE AND APART, BOTH PHYSICALLY AND FINANCIALLY, SINCE AUGUST 17, 2010.  THIS FINDING IMPACTS THE DIVISION BY THE COURT OF THE PLAINTIFF-APPELLANT'S 401(K), AS WELL AS THE SPOUSAL SUPPORT ORDER IMPOSED UPON HIM."

II

{¶5}   "THE TRIAL COURT ERRED IN AWARDING THE SUM OF $4,000.00 TO THE DEFENDANT-APPELLEE FOR HER ALLEGEDLY LOST WEDDING RING AS THE EVIDENCE WAS INSUFFICIENT AS TO THE LOCATION OF THE WEDDING RING AND NO EVIDENCE AS TO THE PRESENT VALUE OF THE WEDDING RING WAS PRESENTED TO THE COURT."

III

{¶6}   "THE TRIAL COURT'S FINDING THAT THE PLAINTIFF-APPELLANT ENGAGED IN FINANCIAL MISCONDUCT, AND THAT THEREFORE HE WAS NOT ENTITLED TO ANY SETOFF FOR HIS 401(K) LOAN, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONSTITUTES AN ABUSE OF DISCRETION BY THE TRIAL COURT."

IV

{¶7}   "THE TRIAL COURT FAILED TO MAKE A COMPLETE ACCOUNTING FOR ALL MARITAL ASSETS AND DEBTS OF THE PARTIES IN THAT IT FAILED TO ACCOUNT FOR THE TAX REFUNDS RECEIVED BY THE DEFENDANT-APPELLEE, AND THE TAX OBLIGATIONS OF THE PLAINTIFF-APPELLANT."

V

{¶8}   "THE TRIAL COURT ABUSED ITS DISCRETION IN ITS ESTABLISHMENT OF THE SPOUSAL SUPPORT OBLIGATION OF THE PLAINTIFF-APPELLANT AS THERE WAS A TOTAL LACK OF EVIDENCE PRESENTED TO THE COURT TO SUPPORT THE FINDING BY THE TRIAL COURT THAT THE PLAINTIFF-

APPELLANT HAD $4,000.00 NET INCOME AT HIS DISPOSAL FOR SPOUSAL SUPPORT PURPOSES."

I

{¶9} Appellant claims the trial court erred in determining the duration of the marriage because of numerous separations during the marriage and in fact, the parties had been living separate and apart since August 17, 2010. We disagree.

{¶10} Trial courts possess broad discretion in choosing the termination date of a marriage for purposes of valuing property. *Berish v. Berish,* 69 Ohio St.2d 318 (1982). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶11} The magistrate acknowledged, approved and adopted by the trial court, that the parties were separated from January 2008 through July 2008, February 2009 through July 2009, and August 2010 to the present. See, Magistrate's March 27, 2012 Decision at Finding of Fact No. 2. Prior to the divorce filing, a domestic violence action was filed against appellee which was later dismissed. Also, a previous divorce action was filed by appellant and dismissed.

{¶12} Appellee testified the marriage had been rocky and they had attempted counseling. March 9, 2012 T. at 6. The first separation in January 2008 was the result of appellee being arrested for a domestic violence incident. February 16, 2012 T. at 5. They were separated until July 2008. *Id.* The second separation occurred after appellant filed a complaint for divorce in February 2009. *Id.* They were separated until July 2009. *Id.* at 6. The final separation occurred in August 2010. *Id.* During each

separation, appellee moved out of the marital residence and the parties paid their own living expenses. March 9, 2012 T. at 26-28. The action sub judice was filed seven months after the last separation. *Id.* at 45.

{¶13} The fact that the parties separated and reunited on two separate occasions and dismissed a prior divorce action lends credence to the trial court's decision to take the date of the final hearing as the marriage termination date.

{¶14} Given the parties' history, we find the trial court did not abuse its discretion on this issue.

{¶15} Assignment of Error I is denied.

II

{¶16} Appellant claims the trial court erred in ordering him to pay appellee $4,000.00 for her lost wedding ring. We disagree.

{¶17} A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶18} In his decision filed March 27, 2012, the magistrate found the following at Finding of Fact Nos. 7 and 8, respectively:

The parties dispute the possession of Defendant's $4,000 wedding ring: Plaintiff says Defendant took it, while Defendant states the ring was left in the marital residence and was missing when she returned.

The Court finds that the ring was left by Defendant, due to Plaintiff's past history of refusing to let Defendant remove the ring when a separation ensued. The Court infers that this resulted in the ring remaining in possession of Plaintiff.

{¶19} These facts are supported by appellee's testimony. March 9, 2012 T. at 21-22. Appellee stated appellant had paid $4,000.00 for the ring. *Id.* at 22. Appellant testified appellee took all of her personal items with her, including her jewelry box. February 16, 2012 T. at 6-7. He did not have her wedding ring. March 9, 2012 T. at 53.

{¶20} We find the issue is solely one of credibility which lies in the province of the trier of fact. Upon review, we find sufficient evidence in the record to support the decision.

{¶21} Assignment of Error II is denied.

III

{¶22} Appellant claims the trial court erred in determining he was guilty of financial misconduct in borrowing against his 401(K) during the marriage. We disagree.

{¶23} In his decision filed March 27, 2012 at Conclusion of law No. 3, the magistrate found, "[t]he taking of the $21,000 loan by Plaintiff constitutes financial misconduct; Plaintiff's explanation of account for the proceeds was both vague and

unconvincing. The Court is not convinced of the truth of the explanation, and rules that the $21,000 was dissipated."

{¶24} In support of his argument, appellant cites the case of *Mendiola v. Mendiola,* 5th Dist. Nos. 2010 CA 00135 and 2010 CA 00203, 2011-Ohio-1326. However, in *Mendiola,* the funds were used to increase the value of the marital property. We conclude *Mendiola* is not persuasive.

{¶25} In this case, appellant removed the funds during one of the separation periods for his own use and purchased a Ford Explorer for his daughter. February 16, 2012 T. at 20. Appellant testified to the following (March 9, 2012 T. at 55):

The loan from your 401-K, what did you use that money for? I used it to pay rent, to pay utilities, to pay normal everyday household expenses. I used it to purchase the Ford Explorer for my daughter. Because at that time Sherry was under a CPO she couldn't come back to the house. We were separated at that time. I had a single daughter, who was in school, also worked a part time job, was in sports, in the band, I worked a swing shift and she needed a way to get to school. To get to her other activities while I was at work. As a single Father.

{¶26} Appellant retained possession of the vehicle. February 16, 2012 T. at 20-21. During the separation periods, appellee was responsible for her own living expenses and appellant was gainfully employed and had no need to use the money for

living expenses. *Id.* at 7. The trial court awarded the vehicle to appellant and took the position that the loan was a purposeful attempt to diminish the value of his 401(K).

{¶27} Upon review, we cannot find the trial court's decision is unfounded and not based upon the evidence.

{¶28} Assignment of Error III is denied.

IV

{¶29} Appellant claims the trial court erred in not considering the tax consequences of each party, refunds to appellee and obligations to appellant. We disagree.

{¶30} Appellee testified when they were living apart, they each filed separate tax returns. March 9, 2012 T. at 9. Although appellant requested joint filings, appellee refused because it made no sense to her since they were living apart. *Id.* at 38. Appellee received tax refunds from her separate filings. *Id.* at 39.

{¶31} It is clear from the record that although the parties were married, even when they were living together, they did not co-mingle their funds. There were no joint bank accounts. *Id.* at 12. Appellee provided for her necessities as well as supporting her child from a previous marriage. *Id.* at 7-8.

{¶32} Upon review, we conclude the trial court did not err in rejecting an accounting for the tax refunds and/or obligations.

{¶33} Assignment of Error IV is denied.

V

{¶34} Appellant claims the trial court abused its discretion in determining the amount of spousal support as the trial court erred in finding he had net income of $4,000.00 per month.  We disagree.

{¶35}  A trial court has broad discretion in determining a spousal support award. *Neville v. Neville,* 99 Ohio St.3d 275, 2003–Ohio–3624; *Stevens v. Stevens,* 23 Ohio St.3d 115 (1986); *Blakemore.*

{¶36}  In his decision filed March 27, 2012 at Finding of Fact Nos. 17 and 18, the magistrate found, the "Plaintiff nets $4,000 per month and has expenses of $2,100 per month" and "Defendant nets $1,200 per month, plus $350 child support and has expenses of $1,500 per month."

{¶37}  On his financial affidavit filed March 28, 2011, appellant stated his gross income was $3,700 per month.  A stipulation regarding appellant's income was agreed to at trial (March 9, 2012 T. at 50):

The only objection I have is with respect to Defendant's Exhibit A. And the only portion of Defendant's Exhibit A that I have an objection to is the gross income listed for husband.  The argument, as I understand it, is that we want to take income minus taxes and use that to determine an appropriate alimony obligation.  I understand that argument.  But the other argument that we also want, is we want half of the 401-K.  Now $80,749.00 is his Social Security wages.  The wages that he had in his

pocket were actually from box 1 of Plaintiff's Exhibit 11, $78,914.48. And it may be a small argument that I'm making to the Court.

{¶38} As appellant established via Plaintiff's Exhibit 11, after taxes, social security, and Medicare, he had a net yearly income of $59,185.00 which amounts to a net monthly income in excess of $4,000.00. Although appellant's income was lower in 2010 (Plaintiff's Exhibit 7), it still exceeded $4,000.00 net per month.

{¶39} Upon review, we find the evidence supports the $4,000.00 net income per month for appellant.

{¶40} Assignment of Error V is denied.

{¶41} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.

_____

_____

_____

JUDGES

SGF/sg 308

[Cite as *Golden v. Golden*, 2013-Ohio-1133.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAVID E. GOLDEN | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SHERRY LYNN GOLDEN | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2012CA00122 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.  Costs to appellant.

_____

_____

_____

JUDGES